IN THE CIRCUIT COURT
ELEVENTH JUDICIAL CIRCUIT
MCLEAN COUNTY, ILLINOIS

ROSALIE HUSKISSON, )
)
       Plaintiff, )
)
vs. ) No. 19-L-42
)
WALMART, INC., )
)
       Defendant. )

## INTERROGATORIES

TO:    Rosalie Huskisson, Plaintiff

AND:  Chase T. Molchin, Attorney for Plaintiff

In accordance with the provisions of Rule 213 of the Illinois Supreme Court Rules, you are hereby requested to answer each of the following interrogatories, under oath, within the time prescribed by said rule:

1. What is your:

    a) full name;
    b) all other names by which you have been known;
    c) address;
    d) date of birth;
    e) place of birth;
    f) occupation;
    g) social security number; and
    h) driver's license number

    ANSWER:
**ROSALIE HUSKISSON**
**ROSALIE GRANT (MAIDEN)**
**2016 FOX CREEK ROAD, APT. 232**
**BLOOMINGTON, IL 61701**
**DOB:**
**Place: Long Point, Illinois**
**Housewife**


EXHIBIT A

**SSN:**
**DL: N/A**

2.  If married, what is the full name, date of birth, and place of employment of your spouse? When and where were you married? As to any prior marriage, to whom were you married; when were you married; how did the marriage end; and what is the present name and address of any former spouse?

   ANSWER:

**THOMAS E. HUSKISSON, _____, (RETIRED) RET. MSGT. US ARMY 23 YEARS, RET. 25 YEARS CAPTAIN IL DEPT OF CORRECTIONS, (last position) 7 YRS. LIVINGSTON COUNTY, IL JAIL SUPERINTENDENT, MARRIED: 7/22/58.**

3.  As to any employment you had during ten years preceding the incident alleged in your complaint:

   a) what is the name and address of each employer;
   b) the date(s) of each employment;
   c) the nature of each employment; and
   d) the name of your supervisor(s) at each employment?

   ANSWER:

**NONE.**

4.  As the result of any personal injuries you claimed resulted from the incident, were you unable to work? If so, state:

   a) the name and address of the employer, if any, at the time of the occurrence, your wage and/or salary, and the name of your supervisor and/or floor person;
   b) the date or inclusive dates on which you were unable to work;
   c) the amount of wage and/or income loss claimed by you; and
   d) the name and address of your present employer and your wage and/or salary.
   ANSWER:

**NOT APPLICABLE.**

5.  What is the name, last known home address and present whereabouts, telephone number, employer, work address and telephone number, title and position of each person whom you or anyone acting in your behalf knows or believes:

a) to have been a witness to the alleged accident;
b) to have firsthand knowledge of the facts and circumstances of the alleged accident or of the events leading up to it or following it;
c) to have been within sight or hearing of the alleged incident;
d) to have any knowledge of conditions at the scene of the alleged incident existing prior to and/or after the accident.

ANSWER:
**NO KNOWN WITNESSES NAMES, THERE WERE WITNESSES AND WALMART EMPLOYEES PRESENT ACCORDING TO TOM AS ONE WITNESS CAME TO LINE TO GET HIM AFTER THE INCIDENT HAPPENED.**

**INVESTIGATION AND DISCOVERY CONTINUES.**

6. Have you, or has anyone acting on your behalf, obtained from any person any oral or written statement, account, report, memorandum, or testimony concerning the incident involved in this action? If so, please state:

a) What is the name and last known address of each person who gave the statement, account, report, memorandum or testimony;
b) When and where each statement account, report, memorandum or testimony was made;
c) Was it written or oral;
d) Was it signed or witnessed? If so, by whom was it signed or witnessed?
e) What is the name and, address of the person who took the statement, account, report, memorandum or testimony?
f) Who else was present at the time when any statement, account, report, memorandum or testimony was given?

ANSWER:

**NONE.**

7. Have you made any statement in any form to any person or company other than to your attorneys or your liability insurer regarding any of the events or happenings referred to in your complaint, and, if so, what is:

a) the name and address of each person or company to whom such statements were made;
b) the date each such statement was made;
c) whether each statement was oral or written;

    d)     the names and addresses of each person known to you or to your agents or attorneys to have present custody of such statements;

ANSWER:
OBJECTION. THIS INTERROGATORY IS OVERLY BROAD AND UNDULY BURDENSOME AS IT WOULD INCLUDE ALMOST EVERYONE I HAVE TALKED TO SINCE THE INCIDENT INCLUDING BUT NOT LIMITED TO FAMILY, FRIENDS, HEALTHCARE PROVIDERS AND AGENTS OF THE DEFENDANT, WITHOUT WAIVING OBJECTION, CMI CALLED THE FOLLOWING DAY, THE REPRESENTATIVE TOOK A STATEMENT. I DO NOT KNOW WHO HAS CUSTODY OF THE STATEMENT IF IT WAS RECORDED. MY DAUGHTERS, KRISTI IFFT AND SHEILA SMITH, AND MY HUSBAND HAVE KNOWLEDGE OF THE INCIDENT AND MY INJURIES.

As to objection:

Chase T. Molchin #6304482

8.    Describe all injuries which you allege you suffered as a result of the incident alleged in the complaint.

ANSWER:
SINCE THE INCIDENT, MY COMPLAINTS, DIAGNOSES AND ASSESSMENTS INCLUDE BUT ARE NOT LIMITED TO: EXTREME RIGHT SHOULDER PAIN, DISLOCATION RIGHT SHOULDER, RIGHT WRIST PAIN, COMMINUTED AND DISPLACED 3 PART FRACTURE OF RIGHT HUMERUS, RIGHT WRIST CONTUSION/SPRAIN, CERVICALGIA, LOW BACK PAIN, LOW BACK SPASMS, FACET ARTHROPATHY AT L4-5 AND L5-S1, TROCHANTERIC BURSITIS, COGNITIVE DIFFICULTIES, RESIDUAL EFFECTS OF A CONCUSSIVE INJURY.

SEE MEDICAL RECORDS FOR SPECIFICS. INVESTIGATION AND DISCOVERY CONTINUE.

9.    Please state:

    a)     the names and addresses of all doctors, chiropractors, or other health care professionals who treated or examined you for your injuries as a result of the incident alleged in your complaint;
    b)     the dates on which you were treated or examined;
    c)     the nature of the treatment or examination;
    d)     the total bills rendered by each for their treatment;
    e)     if you are still receiving treatment, what doctors, chiropractors or other health care professionals are still treating you and the nature of that treatment.

ANSWER:
- **CARLOS AGUILAR, DANIEL KOSAR, NORMAL FIRE DEPARTMENT, 1300 E. College Ave., Normal, IL 61761**
- **DAVID KOSTURAKIS, MARY BOTTLES, KELLY KRUG, OSF HOSPITAL ER DEPT., 2200 E. Washington St., Bloomington, IL 61701**
- **DR. LAWRENCE LI, 2200 Fort Jesse Road, #250, Normal, IL 61761**
- **DR. BRETT KELLER, CIOS, 1505 Eastland Dr., Suite 220, Bloomington, IL**
- **DR. STROINK, 1015 S Mercer Ave, Bloomington, IL 61701**
- **DR. KANTAMNENI, 1701 E College Ave, Bloomington, IL 61704**
- **DR. THERESA MEYERS-COX, PH.D, Memorial Medical, 701 N 1st St, Springfield, IL 62781**

**SEE MEDICAL RECORDS FOR SPECIFICS. INVESTIGATION AND DISCOVERY CONTINUE.**

10. Were you confined to any hospital or treatment facility as a result of the injuries you claim were a result of the occurrence alleged in the complaint? What is:

   a) the name and address of each hospital or facility;
   b) the dates of your confinement to each hospital or facility;
   c) the amount of money charged to you by each hospital or facility.

   ANSWER:
   **I WAS NOT HOSPITALIZED OVERNIGHT. SEE ANSWER TO INTERROGATORY 9.**

11. Are you claiming any psychiatric, psychological and/or emotional injuries as a result of the occurrence alleged in your complaint? If so, state:

   a) the name of any psychiatric, psychological and/or emotion injury claimed and the name and address of each psychiatric, physician, psychologist, therapist or other health care professional rendering you treatment for each claimed injury;
   b) whether you suffered any psychiatric, psychological and/or emotional injury or condition before the date of the occurrence alleged in your complaint; and
   c) if (b) is in the affirmative, then state when and the nature of any psychiatric, psychological and/or emotional injury, and the name and address of each psychiatrist, physician, psychologist, therapist or other health care professional rendering you treatment of injury or condition.

ANSWER:
**WHILE I DO NOT NEED TO SEEK TREATMENT IN ORDER TO EXPERIENCE FRUSTRATION, STRESS, FEAR AND OTHER EMOTIONAL DISTRESS FROM SUSTAINING A SERIOUS INJURY AT MY AGE, REFER TO NEURO PHYCH REPORT FROM DR. MEYERS-COX.**

**INVESTIGATION AND DISCOVERY CONTINUE.**

12. Have you ever filed any other claim, lawsuit, or worker's compensation claims, for your own personal injuries? If so, in what court or forum was it filed, or, in the case of a claim that did not get filed, to which adjuster, insurer, or company was it submitted? What was the title and docket number? What parts of your body did you allege were injured? Did you claim, by pleading, filing, demand letter, or otherwise, that any of your injuries were permanent, prolonged, serious and/or permanently or chronically limited or restricted your activities?

ANSWER:
**TOM WAS CONTACTED AFTER A CAR CRASH BY A GEICO REP AND OFFERED A BODILY INJURY PAYMENT SEVERAL YEARS AGO. ($1,816 EACH, GEICO CLAIM #0471999590101013).**

13. Were any photographs or drawings taken or made of any matter or condition pertaining to the alleged incident or your claimed damages? If so, please state:

   a) what is the number of photographs or drawings taken or made;
   b) by whom were the photographs or drawings taken or made;
   c) what matter or condition does each purport to show;
   d) who has possession of each of the photographs or drawings at the present time?

ANSWER:
**NO.**

14. In accordance with 735 ILCS 5/2-604, what is the amount of damages which plaintiff is seeking in this lawsuit? Of the total amount of damages, what amount are you seeking for wage loss, past and future, or other economic loss? What amount are you seeking for non-economic loss?

ANSWER:
**PLAINTIFF IS NOT MAKING A WAGE LOSS CLAIM AS SHE WAS RETIRED AT THE TIME OF THE INJURY. MEDICAL BILLS ARE STILL BEING GATHERED AND**

**NONECONOMIC DAMAGES ARE BEING EVALUATED. THIS ANSWER WILL BE SUPPLEMENTED AT A LATER DATE. INVESTIGATION AND DISCOVERY CONTINUE.**

15. What is the total amount of plaintiff's alleged medical costs incurred to date? For each medical bill, what is the date of service, name of the provider of the service, nature of the service, and total amount of the bill?

    ANSWER:

**MEDICAL BILLS ARE STILL BEING GATHERED. THIS ANSWER WILL BE SUPPLEMENTED AT A LATER DATE**

16. Have you, as a result of the incident alleged in the complaint, any claims for expenses not mentioned elsewhere in answer to these interrogatories? If so, what is the amount of each expense, the name and address of the person making the charge for each such expense, and the purpose for each expense?

    ANSWER:

**MY HUSBAND WAS NOT ABLE TO MEET MY CARE NEEDS ALONE SO WE MOVED INTO AN ASSISTED LIVING FACILITY. THIS MOVE HAS CREATED A FINANCIAL HARDSHIP DUE TO CARE COSTS AND THE UNEXPECTED NEED TO MOVE INTO A CARE FACLITY EARLIER THAN PLANNED.**

17. Have you received or agreed to accept from any person or company any amount of money in settlement of any claims you may have as a result of the incident alleged in your complaint? If so, what is the name and address of each person or company, the date of each settlement, and the amount of each settlement?

    ANSWER:

**NO.**

18. Other than the names and addresses listed elsewhere in your answers to these interrogatories, what is the name and address of each person who has knowledge of the facts of the incident in question or of your claimed injuries or damages?

    ANSWER:

**SEE ANSWER TO INTERROGATORY 7.**
**KRISTI IFFT, 3105 Sunningdale Ln, Bloomington, IL 61705**
**SHEILA SMITH, 616 Valley View Circle, Bloomington, IL 61705**

19. Have you ever been convicted of a felony or misdemeanor? If so, please state:

    a)     the nature of the crime;
    b)     the date of conviction;

c)   the county and state of the court in which the conviction occurred;
d)   sentence imposed.

ANSWER:

**NO.**

20.   Before the date of the accident alleged in your complaint, did you have any illness or injury to the parts of your body you claim were injured as a result of the accident alleged in your complaint? If so, what is the nature of each such illness or injury, the part of the body affected, the date the illness began or injury occurred, and the treatment received for each such illness or injury.

ANSWER:
**Objection. This interrogatory is vague, overly broad and unduly burdensome as I do not know what constitutes an "illness or injury" and cannot possibly remember every minor injury I have had in my life. It requests information pertaining to areas of the Plaintiff's body that are not being claimed injured in this litigation. Unrelated injuries, ailments and diseases are irrelevant, invade Plaintiff's privacy, and are not likely to lead to the discovery of admissible evidence. Without waiving objection, BACK SURGERY/SPINAL FUSION 2004, 2007 (DR. STROINK), WRIST FRACTURE (2017). SEE MEDICAL RECORDS PRODUCED.**

**As to objection:** _____
Chase T. Molchin #6304482

21.   Either before or after the date of the accident alleged in your complaint, did you have or allege to have had any illness, injury, or condition that limited or restricted your activities chronically, permanently, or for a prolonged period of time? If so, what is the nature of the illness, injury, or condition, the doctor, chiropractor, or other health care professional that diagnosed and/or treated the illness, injury, or condition, and the limitations or restrictions placed upon you, and the duration of that limitation?

ANSWER:
**Objection. This interrogatory is vague, overly broad and unduly burdensome as I do not know what constitutes an "illness or injury" and cannot possibly remember every minor injury I have had in my life. It requests information pertaining to areas of the Plaintiff's body that are not being claimed injured in this litigation. Unrelated injuries, ailments and diseases are irrelevant, invade Plaintiff's privacy, and are not likely to lead to the discovery of admissible evidence. Without waiving objection, BACK SURGERY/SPINAL FUSION 2004, 2007 (DR. STROINK),**

WRIST FRACTURE (2017), HYPERTENSION, DIABETES, SLEEP APNEA, IBS. SEE MEDICAL RECORDS PRODUCED.

As to objection:

_____
Chase T. Molchin #6304482

22. Has plaintiff ever been restricted or banned from any Wal-Mart or Sam's Club property including, but not limited to, banned or received a Notification of Restriction from Property due to theft from said store? If so, what is the name of the store where the incident occurred, the date of incident, and the nature of the restriction or ban? Were any criminal charges filed as a result of the incident? If so, where were the charges filed, what was the caption and case number, what were the charges, and what was the final disposition of the criminal charge?

ANSWER:
NO.

23. Have you ever filed for bankruptcy, and if so, what is:
    (a) The date(s) you filed for bankruptcy;
    (b) The court(s) in which you filed for bankruptcy; and
    (c) The outcome or resolution of your petition(s) for bankruptcy.

ANSWER:
NO.

24. Are you or have you ever been a Medicare or Medicaid recipient? If your answer is in the negative, do you anticipate becoming a Medicare or Medicaid recipient in the next 24 months? If your answer is in the affirmative, please state the following:
    (a) Legal last name;
    (b) Legal first name;
    (c) Legal middle initial;
    (d) Gender;
    (e) Medicare health insurance claim number or Social Security number;
    (f) Recipient's date of birth; and
    (g) Date of occurrence described in your petition.

ANSWER:
ROSALIE HUSKISSON

25. If the answer to the foregoing interrogatory is for a minor or disabled adult, or for any other reason has a guardian, custodian, conservator or other person who makes his/her medical decisions, please provide the name of the guardian, custodian, conservator or other person who makes the medical decisions for the minor, disabled adult, or other Medicare recipient.

*Please be advised that, pursuant to federal law, this question must be answered in its entirety or the insurer will not be able to issue payments out on this claim. If, while this claim is pending, plaintiff, petitioner, plaintiff's decedent, or the minor or disabled adult for which a claim of injury is advanced in this lawsuit becomes a Medicare recipient, please update this interrogatory immediately.*

ANSWER:
**NOT APPLICABLE.**


26. Have you ever applied for or received disability benefits? If so, please state:

   (a) date of the application;
   (b) disabilities listed on the application;
   (c) whether the application was granted;
   (d) dates that benefits were received; and
   (e) amount received per month.

ANSWER:
**NO.**


27. Pursuant to Illinois Supreme Court Rule 213(f), provide the name and address of each witness who will testify at trial and as to each please categorize them in the following categories:

   a) Lay witnesses. As to each lay witness identify the subjects on which the witness will testify including your knowledge of the facts known by and opinions held by the witness.

   b) Independent expert witnesses. As to each independent expert witness identify the subjects on which the witness will testify and the opinions you expect to illicit.

   c) Controlled expert witnesses. As to each controlled expert witness identify:

      i. The subject matter under which the witness will testify;
      ii. The conclusions and opinions of the witness and the bases therefore;
      iii. The qualifications of the witness; and
      iv. Any reports prepared by the witness about the case.

ANSWER:
THIS INTERROGATORY IS PREMATURE AT THIS STAGE OF THE LITIGATION AND WILL BE RESPONDED TO IN ACCORD WITH THE COURT'S SCEDULING ORDER. IT IS ANTICIPATED THAT ANY INDIVIDUALS IDENTIFIED IN THESE INTERROGATORIES, SUCH AS PLAINTIFF, HER HUSBAND, AND DAUGHTERS, WILL BE INDENTIFIED AS LAY WITNESSES AS WILL ANY EMPLOYEES OF DEFENDANT IDENTIFIED DURING THE DISCOVERY PROCESS.

PLAINTIFF'S HEALTHCARE PROVIDERS LISTED IN HER ANSWER TO INTERROGATORY 9 ARE EXPECTED TO BE INDEPENDENT EXPERT WITNESSES.

Each of these witnesses could testify at the time of trial regarding, inter alia, the witness' personal interaction and care and treatment of the patient; what the witness did, or chose not to do, relative to the patient; the witness' conversations and personal interactions with the patient or persons acting on behalf of, associated with or relative to the patient; the generation of medical records for the patient or generally by the witness as to the witness' practice concerning same; the witness' clinical examinations of the patient and the findings and impressions arising out of those clinical examinations or observations, including but not limited to the standard of care applicable to the procedures described in plaintiff's complaint, and the causation, diagnosis and prognosis of the patient's condition; the sequelae of the condition treated including whether the patient has an increased risk for additional pathology; the nature, extend and duration of plaintiff's injury; mechanism of injury; permanence; restrictions on activity and/or work; the content of relevant professional literature; interpretation of diagnostic studies; extent of pain and suffering; reasonableness and necessity of medical treatment, nursing and therapy services, the witness' execution of tests or assessments of the patient during the course of care; the results of tests or assessments performed on the patient, the reasons therefore and the significance of the findings or results within the witness' limited field of practice; the charting of the assessments, findings or events relative to the patient and mode, manner and protocol of that charting as to what is recorded; the witness' habit and practice of proceeding under like circumstances or the likely manner in which the witness proceeded at relevant times to the issues in the Complaint; the witness' evaluation of the importance to that witness of the findings of other medical professionals extrinsic to the witness' record entries; the witness' general medical knowledge in the witness' field of practice as it might be relevant to the patient's condition (or likely condition), treatment or proposed treatment and the patient's state of being; the standard of care for treating the plaintiff's condition and any deviations therefrom; any of the matters contained in the patient's medical records; the necessity and reasonableness of charges incurred for medical services or treatment; and any of the witness' conversations or

interactions of any sort with other medical care providers of the patient. Additionally, the witness may testify to the witness' observations by any of the witness five senses relative to any events occurring at the time of the events alleged in the Complaint including, but not limited to, matters overheard or seen by the witness directly. Further, it is assumed that the witness could testify to any matter contained in the witness' discovery deposition as to which inquiry is made.

Plaintiff reserves the right to call as Independent Opinion Witnesses pursuant to Supreme Court Rule 213(f)(2):
any person deposed in this matter;

any person otherwise disclosed or identified as a trial witness by any other party to this litigation, regardless of whether that person is, in fact, actually called as a witness by the disclosing party, either in their case in chief or in rebuttal;

any person not specifically disclosed above, but whose name appears in plaintiff's medical records, for purposes of discussing the matters set forth therein and as described above;

any medical records librarian necessary to establish a foundation for the admission of medical records into evidence.

any person, if the healthcare provider or medical supplier is an individual, or employee or agent, if the healthcare provider or medical supplier is a corporation or entity other than an individual, whose name appears on the medical bills incurred by plaintiff or the summary compiled by plaintiff from those bills, to testify to the basis for such charges and to the fairness and reasonableness of the charges for the services rendered;

It is believed that all of the witnesses disclosed herein will base their opinions upon their first hand knowledge of the events described in plaintiffs' Complaint, their personal interactions with the parties to this action, the medical records of plaintiff(s), their education, training, knowledge and experience, and the possible review of depositions taken in this matter.

Plaintiff also reserves the right to name additional witnesses pursuant to Supreme Court Rule 213(f)(2). Investigation continues.

**PLAINTIFF HAS NO REATINED EXPERT WITNESSES AT THIS TIME.**

Plaintiff reserves the right to call as a witness any person disclosed or identified as a trial witness pursuant to Supreme Court Rule 213(f)(3) by any other party to this litigation, regardless of whether that person is, in fact, actually called as a witness by the disclosing party, either in their case in chief or in rebuttal.

The opinions set forth in the medical records, answers to interrogatories, documents submitted in response to a request for production, and depositions of all witnesses disclosed herein or by any party to this litigation are adopted by reference as part of this disclosure. Additionally, plaintiff hereby adopts the witness disclosures of the defendant(s) by reference. By designating and adopting those opinions set forth in the medical records, answers to interrogatories, documents submitted in response to a request for production, depositions and witness disclosures made by defendant(s) and identifying those individuals as possible trial witnesses, plaintiff(s) do(es) not waive his/her right to object to part or all of the testimony of those witnesses, nor do(es) plaintiff(s) volunteer to compel their attendance at trial.

This disclosure is a good faith effort to apprise the parties of the opinions held by the aforementioned opinion witnesses. Due to the limitations of the written format of this disclosure, it is anticipated that the opinion witnesses will provide a more detailed explanation of the opinions held by them and their bases at the time of their respective depositions.

Plaintiff reserves the right to amend, supplement and make deletions to this disclosure as may be appropriate at any time prior to the commencement of trial, and reserves the right to object to any witnesses being called and/or exhibits being offered by any other party to this litigation.

## CERTIFICATION

Under the penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief, and as to such matters the undersigned certifies that she verily believes the same to be true.

*Rosalie Huskisson*
Rosalie Huskisson

Chase T. Molchin
GINZKEY LAW OFFICE
221 E. Washington St.
Bloomington, IL 61701
(309)821-9707   fax: (309)821-9708
ARDC #6304482
Primary email: service@ginzkeylaw.com
Secondary email: chase@ginzkeylaw.com

K:\Clients\Huskisson\0 Discovery\SignaturePageDisc.wpd